Zou v. Garland

BIA
Wright, IJ
A201 295 445

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty-one.

PRESENT:
GUIDO CALABRESI,
DENNY CHIN,
STEVEN J. MENASHI,
        *Circuit Judges.*

_____

CHUAN-QIU ZOU,
        *Petitioner,*

v.                                                          19-2003
                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:             James A. Lombardi, Esq., Law
                            Office of James A. Lombardi, P.C.,
                            New York, NY.

FOR RESPONDENT:             Brian Boynton, Assistant Attorney
                            General; Anthony P. Nicastro,

Assistant Director; S. Nicole Nardone, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chuan-Qiu Zou, a native and citizen of the People's Republic of China, seeks review of a June 7, 2019, decision of the BIA affirming a January 31, 2018, decision of an Immigration Judge ("IJ") denying Zou's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chuan-Qiu Zou,* No. A 201 295 445 (B.I.A. June 7, 2019), *aff'g* No. A 201 295 445 (Immig. Ct. N.Y. City Jan. 31, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, so we review only the corroboration finding on which the BIA relied. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Wei Sun v.*

*Sessions*, 883 F.3d 23, 27 (2d Cir. 2018); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  Zou claimed that because he and his parents are Christian, Chinese authorities forced his family to move without full reimbursement, detained his parents for 10 days, and issued a summons for his arrest.

The agency did not err in finding that Zou failed to submit reasonably available evidence, including evidence to confirm the demolition of his family's home in China, the summons for his arrest, and his family's relocation.  "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."  8 U.S.C. § 1158(b)(1)(B)(ii).  Even absent an adverse credibility determination, a lack of corroboration may be an independent basis for the denial of relief if the agency identifies reasonably available evidence that should have been presented.  *See Wei Sun*, 883 F.3d at 28-31; *Chuilu Liu v. Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009).  "In

3

determining whether the applicant has met his burden, the trier of fact may weigh the credible testimony along with other evidence of record.  Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."  8 U.S.C. § 1158(b)(1)(B)(ii).  "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."  *Id.* § 1252(b)(4).

The record supports the agency's reliance on a lack of corroboration.  The IJ identified the missing evidence, including the summons for Zou's arrest, photographs of the demolished family home, and proof of a new address or registration of the family's new home.  *See Chuilu Liu*, 575 F.3d at 198–99.  Zou's testimony regarding the summons was unclear and inconsistent, his explanations for the missing evidence at times contradicted other evidence in the record,

4

and none of his explanation compelled the conclusion that the missing evidence was unavailable.  *See* 8 U.S.C. § 1252(b)(4); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  The IJ did not err in declining to credit the remainder of Zou's evidence.  *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.").  The letters from friends and family were entitled to diminished evidentiary weight because they were authored by interested witnesses who were not available for cross-examination.  *Id*. (deferring to agency's determination that letter from alien's spouse in China was entitled to "very little weight" "because it was unsworn and . . . submitted by an interested witness"); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012).

Given the lack of reliable corroboration, the agency did not err in finding that Zou failed to meet his burden of

proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
